# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAND O'LAKES, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-15-683-R |
| UNITED STATES OF AMERCIA, | ) ) ) |
| Defendant. | ) ) ) |

## ORDER

Before the Court is Defendant United States' motion to dismiss this action for lack of subject matter jurisdiction pursuant to F.R.Civ.P. 12(b)(1). In support of its motion, Defendant argues that 28 U.S.C. § 1331 is not an independent basis for jurisdiction; that Plaintiff's declaratory judgment claim (Count I) is barred by § 113(h) of the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9613(h); that Plaintiff's Resource Conservation and Recovery Act ("RCRA") claim (Count II) is barred by CERCLA § 113(h); and that Plaintiff can raise its "defenses" when the Environmental Protection Agency files a CERCLA enforcement action against it. Plaintiff in response argues that § 113(h) of CERCLA, 42 U.S.C. § 9613(h), does not apply because all clean-up activity at the subject site has been completed, Plaintiff does not challenge a removal or remedial action at the site and the EPA's cost demand letter is not a remedial activity. Plaintiff also argues that the Government has waived sovereign immunity by entering into the Final Consent Decree

and Closure Order as to enforcement of the Decree; that the Government has waived sovereign immunity in § 702 of the Administrative Procedures Act ("APA"); and that the RCRA waives the Government's sovereign immunity to RCRA citizen suits. Defendant in reply asserts that Plaintiff has admitted that clean-up at the site has not been completed, citing Amended Complaint at ¶53, and that Plaintiff's argument ignores the fact that the terms "removal" and "remedial action" as used in § 113(h) are defined to include "enforcement activities related thereto," 42 U.S.C. § 9601(25), and that the EPA's cost demand is an enforcement activity. Defendant also argues that the APA waiver of sovereign immunity does not, by its terms, apply because of the withdrawal of jurisdiction in § 113(h) of CERCLA. Finally, in its reply Defendant argues that the RCRA's citizen suit provision does not grant jurisdiction over Count II because Congress did not intend to except RCRA claims from § 113(h) of CERCLA.

To understand the parties' arguments and this Court's analysis of them, a description of the lengthy factual background is necessary.

## Factual Background

This case concerns the operation and clean-up of the Hudson Oil Refinery Superfund Site in Cushing, Oklahoma. An oil refinery was operated on the site from 1915 until 1982. Through the merger with its predecessor, Midland Cooperatives, Inc. ("Midland"), Plaintiff Land O'Lakes owned and operated the site from 1943 to 1977, when it sold the Refinery to Hudson Oil Company/Hudson Refinery Company. In August of 1984, the EPA sued Hudson for violations of the hazardous waste management requirements of RCRA, 42 U.S.C. § 6901-92k. The EPA did not assert any claims under

2

CERCLA or any other statute against Hudson. The EPA and Hudson entered into an RCRA Partial Consent Decree in 1987 that required Hudson to perform a Site Investigation. In 1987, the EPA and Hudson entered a Final RCRA Consent Decree that required Hudson to perform RCRA corrective action activities at the refinery. That Consent Decree contained a covenant not to sue Hudson and its successors and assigns of the Refinery for certain "corrective action claims under § 3008(h) of RCRA, 42 U.S.C. § 692a(h), for conditions addressed in the United States' Second Amended Complaint that were known by the United States and existing as of the date of the lodging of that Decree. The Consent Decree contained a provision retaining this Court's jurisdiction. Consent Decree at ¶ 28. EPA did not covenant not to sue Hudson or its successors or assigns for CERCLA claims. In 1994, this Court entered an Order for Closure of the 1987 Hudson RCRA Consent Decree, stating that the obligations of the Consent Decree were satisfied and releasing Hudson from further obligations. Despite the clean-up operations performed under the Consent Decree from October 1998 through December of 1999, EPA conducted inspections, investigations and an emergency removal action under § 104(a) of CERCLA. In January of 2001, the EPA sent Plaintiff, as successor to Midland, a Special Notice and Demand Letter under Section 107 of CERCLA requesting that Plaintiff reimburse EPA's past costs for the removal actions at the site and to perform a Remedial Investigation and Feasibility Study under CERCLA concerning further clean-up of the site. Under § 107 of CERCLA, any person who owns a facility at which hazardous substances are located may be liable for the cost of cleaning up those substances. 42 U.S.C. §§ 9601(9) and 9607(a)(1). Plaintiff advised the EPA that it had

3

no liability at the site and declined to undertake the work. Thereafter, from September 2001 through June 2003, the EPA conducted an additional CERCLA removal action at the site and from 2004 through 2007, the EPA oversaw the Oklahoma Department of Environmental Quality's performance of the Remedial Investigation and Feasibility study to identify possible remedies for cleaning up the site. In 2007, the EPA then prepared a Record of Decision under CERCLA that selected the final cleanup remedies for the site.

In 2008, the EPA sent a Special Notice letter to Plaintiff that directed Plaintiff to perform the remedial design and remedial action work specified in the Record of Decision for the site. Plaintiff declined to do so. Then, in January 2009, the EPA issued Plaintiff a unilateral administrative order under Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), which required Plaintiff to do the remedial design and action work at the site. CERCLA authorizes the EPA to issue such orders when the EPA determines there "may be an imminent and substantial endangerment to the public health or welfare or the environment" because of actual or threatened release of hazardous substances from a facility. *See* 42 U.S.C. § 9606(a). From 2009 through 2015, the EPA oversaw Plaintiff's work under the unilateral administrative order.

In June of 2015, the United States sent to Plaintiff its formal demand under CERCLA for payment of $23,424,243.76 in past costs incurred by the EPA to clean up the site through February 28, 2015, plus interest in the amount of $4,818,215.45. The Plaintiff did not pay these amounts but instead filed suit against the EPA in this Court under 28 U.S.C. §§ 2201, 2202, 42 U.S.C. § 9613(g)(2) and Rules 57 and 71, F.R. Civ. P., seeking a declaratory judgment that it is not liable to the EPA for past costs to clean

4

up the site under §§ 106 or 107 of CRECLA, 42 U.S.C. §§ 9606 & 9607. On September 1, 2015, Plaintiff filed its First Amended Complaint adding a citizen suit claim under § 7002(a)(1)(A) of the RCRA, the federal hazardous waste statute, as another basis for seeking a declaration of non-liability under CERCLA. 42 U.S.C. §§ 6901-92k; 42 U.S.C. § 6972(a)(1)(A). Plaintiff included a demand that the United States pay civil penalties to Plaintiff for an alleged RCRA violation. Plaintiff alleges that a covenant not to sue provision in the 1987 Hudson RCRA Consent Decree absolved Plaintiff of any liability at the site, including CERCLA liability, and that the EPA violated that decree when it issued the unilateral administrative order and "threatened" to sue Plaintiff for the EPA's past CERCLA response costs.

## Analysis

Plaintiff, does not argue that the Court has jurisdiction over the United States pursuant to 28 U.S.C. § 1331 so the Court does not need to address Defendant's correct argument that the statute does not afford an independent basis for jurisdiction over this suit against the United States. *See e.g., Goodwill Industries Service Corp v. Commission for Purchase from People Who are Blind or Severely Disabled*, 378 F.Supp.2d 1290, 1294 (D. Colo. 2005); *see also Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380, 1385 (5th Cir. 1989).

Section 9601(25) of Title 42 of the United States Code defines the terms "removal" and "remedial action" as used in § 9613(h) of that title to include "enforcement activities related thereto." 42 U.S.C. § 9601(25). Section 113(h) of CERCLA, 42 U.S.C. § 9613(h), provides as follows:

> No Federal court shall have jurisdiction under Federal Law . . . to review any order issued under section 106(a) [42 U.S.C. § 9606(a)] of this title. . .[1]

Plaintiff has admitted that the EPA issued its unilateral administrative order under 42 U.S.C. § 9606(a). *See* Complaint at ¶ 49. Thus, 42 U.S.C. § 9613(h) bars Plaintiff's declaratory judgment action for a declaration of non-liability for the remedial design and action work set forth in the unilateral administrative order and for the costs incurred by the EPA to do the remedial action as set forth in the CERCLA demand letter as the latter is an enforcement activity related to "remedial action." *See* 42 U.S.C. § 9601(25). *See also Voluntary Purchasing Group, Inc. v. Reilly*, 889 F.2d 1380, 1386-91 (10th Cir. 1989).

Plaintiff argues that the cost demand letter is not a remedial activity because removal or remediation at the site is complete and argues that *Voluntary Purchasing* is distinguishable because it is contrary to law from the Tenth Circuit, citing *United States v. Colorado*, 990 F.2d 1565 (10th Cir. 1993); *Aztec Minerals Corp v. EPA*, 1999 WL 969270 (10th Cir. Oct. 25, 1999)(No. 98-1380); and *Raytheon Aircraft Co. v. United States,* 2007 WL 1299184 (D. Kan. May 3, 2007)(No. 05-2328). None of those cases cited by Plaintiff considered the effect of the definition in § 101(25) on § 113(h) and are otherwise distinguishable. In the *Colorado* case, the fact that remedial action was ongoing was completely irrelevant to the Court's determination that the suit was not barred by 113(h), 990 F.2d at 1575-79, and the Court therein held that Colorado's

---
[1] Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), grants to the United States district courts jurisdiction over all controversy arising under CERCLA except as otherwise explicitly provided in subsection (a) and (h) of Section 9613.

compliance order under its EPA-delegated hazardous waste program was not a "challenge" to the Army's CERCLA response action. *Aztec Minerals* did not involve a private party seeking to avoid liability and did not even consider whether 113(h) barred pre-enforcement review of a person's CERCLA liability in such circumstances.

Moreover, "remedial action" is defined by CERCLA to include "any monitoring reasonably required to assure that such actions protect the public health and welfare and the environment." 42 U.S.C. § 9601(24). And § 121, which addresses "Cleanup Standards" indicates that long-term operation and maintenance is included as part of "remedial action" at a site. *See* 42 U.S.C. § 9621(a) & (b).

Plaintiff argues that as a result of the Final Consent Decree, the Government has waived sovereign immunity as to Counts I and II of the Amended Complaint. Plaintiff points out that under Article XX of the Final Consent Decree, the Court retained "jurisdiction of this Final Consent Decree for purposes of ensuring compliance with its terms and conditions" and that "Plaintiff and Defendant each retain the right to seek to enforce the terms of this Final Consent Decree and take any action authorized by federal or state law not inconsistent with the terms and conditions of this Final Consent Decree or otherwise." Final Consent Decree at Art. XX. However, Plaintiff in this case was neither a party to the Consent Decree nor is it an assign or successor in interest to Hudson Oil Company/Hudson Refinery Company. Moreover, this Court's retention of jurisdiction cannot override 42 U.S.C. § 9613(h). Finally, the 1987 Consent Decree and 1994 Closure Order were entered under § 3008(a) and (g) of the RCRA and do not even reference CERCLA. Nor do the Consent Decree and Closure Order provide an exception

7

to the jurisdictional bar in § 113(h). Section 113(h) contains a "blunt withdrawal" of jurisdiction of federal courts that applies once the United States has begun its removal action. *See Cannon v. Gates*, 538 F.3d 1328, 1335 (10th Cir. 2008), *citing APWU v. Potter*, 343 F.3d 619, 624 (2d Cir. 2003). Section 113(h) provides specific exceptions to this withdrawal of jurisdiction, none of which authorize pre-enforcement review of CERCLA liability based on orders entered under § 3008 of the RCRA. *See* 42 U.S.C. §§ 9613(h)(1) – (5). Thus, § 113(h) bars subject matter jurisdiction over Plaintiff's claims unless and until the EPA files a cost recovery claim under § 107 of CERCLA. At that time, Plaintiff could pursue these claims as defenses to liability under CERCLA. *See B.R. McKay & Sons v. United States,* 633 F.Supp. 1290, 1297 (D. Utah 1986).

Plaintiff also argues that the United States has waived sovereign immunity under § 702 of the Administrative Procedures Act as to claims that seek only declaratory or non-monetary relief. However, this argument ignores the fact that § 702 itself provides that "[n]othing herein . . . confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U.S.C. § 702. As the Supreme Court explained in *Match-E-Be-Nash-She-Wish Band of Pottawatomie Indians v. Patchak*, this exception prevents plaintiffs from exploiting the APA's waiver to evade limitations on suit contained in other statutes." 132 S.Ct. 2199, 2204-05 (2012).

Plaintiff also argues that the United States waived its sovereign immunity under § 7002(a) of the RCRA, the RCRA Citizens suit provision, 42 U.S.C. § 6972(a). Accordingly, Plaintiff argues, this Court has subject matter jurisdiction over its claims. However, Plaintiff's argument ignores the fact that numerous circuits, including the

Tenth Circuit, have held that Congress did not intend to except RCRA, including the citizen suit provision, from the broad jurisdictional bar of § 113(h) of CERCLA. *See e.g., El Paso Natural Gas Co. v. United States*, 750 F.3d 863, 880 (D.C. Cir. 2014); *Cannon v. Gates*, 538 F.3d 1328, 1332-36 (10th Cir. 2008); *OSI, Inc. v. United States*, 525 F.3d 1294, 1297-99 (11th Cir. 2008); *APWU v. Potter*, 343 F.3d 619, 624 (2d. Cir. 2003); *Clinton County Commissioners v. EPA*, 116 F.3d 1018, 1026-28 (3rd Cir. 1997); *McClellan Ecological Seepage Situation v. Perry*, 47 F.3d 325, 328-30 (9th Cir. 1995); *Arkansas Peace Center v. Arkansas Department of Pollution Control & Ecology*, 999 F.2d 1212, 1217-18 (8th Cir. 1993).

In summary, § 9613(h) of Title 42 of the United States Code bars Plaintiff's claims in their entirety, the Court lacking subject matter jurisdiction over them. Accordingly, Defendant's motion to dismiss is GRANTED and this case is DISMISSED for lack of subject matter jurisdiction.

IT IS SO ORDERED this 10th day of February, 2016.

*[signature]*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE